IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLAIRE ANN RESOP, Trustee,

                                  ORDER

            Appellant,

                                09-cv-225-bbc

    v.

DONACIANO ALCANTARA and
MARIA ALCANTARA,

           Appellees.

- - - - - - - - - - - - - - - - - - - - - - -

In the Matter of:

DONACIANO ALCANTARA and
MARIA ALCANTARA,

           Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Trustee-appellant Claire Ann Resop appeals the bankruptcy court's order denying her motion for summary judgment.  At issue in this interlocutory appeal is whether the debtor-appellees Donaciano and Maria Alcantara can be required to remove from their listed exemptions form a declaration that their assets are "entirely exempt" and whether deciding that matter amounts to an advisory opinion.  Because appellant does not seek relief from a

1

final order or an order increasing or reducing time periods referred to in 11 U.S.C. § 1121, she must seek leave of the court. 28 U.S.C. § 158(a)(3).

Appellant has failed to comply with § 158(a)(3) because she has not attempted to explain why she should be granted leave to appeal. Rather than dismiss the appeal outright, however, I will allow appellant an opportunity to explain why this appeal should be heard. She should consider the standard set forth in 28 U.S.C. § 1292(b). (Because neither § 158 nor the Federal Rules of Bankruptcy Procedure discuss the standards by which a district court is to determine whether to grant leave to appeal from an interlocutory order, district courts generally look to § 1292(b), the analogous statute governing interlocutory appeals from district to circuit courts). E.g., In re Dino's, Inc., 183 B.R. 779 (S.D. Ohio 1995). Under § 1292(b), an interlocutory appeal should be heard only if "(1) the appeal concerns a controlling question of law as to which a significant difference of opinion exists; and (2) the possibility exists that immediate appeal might materially hasten the ultimate resolution of the litigation."

Appellant may have until August 14, 2009 in which to supplement her brief explaining why this appeal should be heard. If debtor-appellees wish to file a response to appellant's supplement, they may do so no later than August 21, 2009.

ORDER

IT IS ORDERED that trustee-appellant Claire Ann Resop may have until August 14, 2009 in which to supplement her brief to provide grounds for her request for leave to appeal. Debtor-appellees have until August 21, 2009 in which to file a response.

Entered this 10th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge