IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLAIRE ANN RESOP, Trustee,

                                           ORDER

               Appellant,

                                           09-cv-225-bbc

    v.

DONACIANO ALCANTARA and
MARIA ALCANTARA,

               Appellees.

- - - - - - - - - - - - - - - - - - - - - - -

In the Matter of:

DONACIANO ALCANTARA and
MARIA ALCANTARA,

               Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered August 10, 2009, I gave appellant Claire Ann Resop an opportunity to explain why this bankruptcy appeal should be heard after it came to my attention that the underlying bankruptcy decision did not appear to be a final order and there did not appear to be grounds for appeal of a nonfinal order in this case. 28 U.S.C. §

1

158. In response, appellant contends that the underlying decision *is* a final order, appealable under 28 U.S.C. § 158(a)(1).

As appellant explains, "finality" in the context of bankruptcy appeals is broader than the common understanding of the term because "bankruptcy proceedings are often comprised of many discrete disputes," any of which might be considered a "final judgment" under § 158(a)(1). In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1298-99 (7th Cir. 1997). So long as an order resolves all contested issues related to a given discrete dispute, it will be considered "final." In re Wade, 991 F.2d 402, 406 (7th Cir. 1993).

The present case involves an decision involving appellees' exemptions. In the bankruptcy proceedings below, appellees listed the assets they contend are exempt and presented a specific value for each asset, but they also included an introductory statement that assets that have values that turn out to differ from the values listed should be treated as "entirely exempt." The appellant did not object to any of the listed values for the items declared exempt, but objected to the introductory statement on the ground that "it is an inappropriate assertion of an exemption." The bankruptcy judge denied the appellant's motion for summary judgment on the objection, concluding that appellant was asking for an advisory opinion.

Appellant suggests that the bankruptcy court's decision is final because it concluded the exemptions stage of the litigation. However, the question is whether the decision

resolves all contested issues related to that aspect of the bankruptcy proceedings. Id.; In re Oakley, 344 F.3d 709, 711 (7th Cir. 2003) (order involving exemptions final because "it definitively adjudicated the debtor's entitlement to a definite amount of money."); In re Erickson, 815 F.2d 1090, 1091-92 (7th Cir. 1987); In re Barker, 768 F.2d 191, 194 (7th Cir.1985). In this case, the underlying bankruptcy decision does no such thing. Although the order may have marked the end of the exemptions stage of the proceedings, the decision does not address any "contested issues" regarding the claimed exemptions because appellant did not challenge them. Appellant purported to challenge the exemptions, arguing that the introductory statement was an inappropriate assertion of an exemption. However, appellant's challenge went to the question whether, in light of the statement, appellees will be allowed to shield property listed as exempt if appellant does not object to a specific exemption and the property turns out to be worth more than the amount listed. (Appellant's concern arises from the holding in Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), that a trustee cannot object to the validity of a claimed exemption after the 30-day period even if the debtor has no colorable basis for claiming the exemption.)

As to this question, the bankruptcy judge decided that there was no "case or controversy," apparently because there is no suggestion that the property is or will be determined to be worth more than the amount listed. It is hard to see how this decision could be considered a "final order." The ruling keeps the door open for any later challenge

3

regarding property that turns out to be worth more than the amount listed.  Appellant may be concerned that Taylor, 503 U.S. 638, could bar any later challenge, but this is a matter that may be addressed in the event that it occurs.  Because the decision denying appellant's objection on the introductory statement was not a "final order" and appellant has not provided grounds for hearing a nonfinal appeal, this appeal will be dismissed for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1.  Trustee-appellant Claire Ann Resop's appeal of the order of the bankruptcy court is DISMISSED for lack of subject matter jurisdiction.

2.  The case is remanded to the bankruptcy court for further proceedings.

Entered this 19th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge